**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM J. WEYHRICH,

          Petitioner - Appellant,

    v.

MARK NOOTH,

          Respondent - Appellee.

No. 11-35092

D.C. No. 3:04-cv-00301-JO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Submitted October 9, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

    William Weyhrich appeals from the district court's denial of his habeas

petition challenging his state kidnaping and assault conviction. Weyhrich claims

that his trial counsel provided ineffective assistance of counsel ("IAC") when he

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

successfully objected to the prosecutor's closing remarks but did not move to strike or for a mistrial. The district court, applying the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, deferred to the state court's denial of relief, noting that the prosecutor's improper comments were relatively brief, defense counsel's decision not to seek further relief was reasonable, and the case against Weyhrich was strong. Weyhrich filed a timely notice of appeal from the district court's final order and we affirm the denial of the petition.[1]

The AEDPA provides that for relief to be granted by a federal court on a state habeas petition, the petitioner must show that the state courts' denial of relief was either 'contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A petitioner seeking relief for IAC must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Furthermore, the Supreme Court has held that where habeas relief is sought based on IAC in a state

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

court, the petitioner must show that the state court's application of the *Strickland* standard was unreasonable. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

Weyhrich has failed to meet this burden. When the prosecutor in his closing argument insinuated that Weyhrich was guilty because he wanted an attorney and that the attorney would help him concoct a dishonest defense, defense counsel immediately objected and the objection was sustained. On post-conviction review, the Oregon state court found that defense counsel reasonably thought the jury was not impressed by the prosecutor's improper argument and that the failure to move to strike or for a mistrial did not prejudice Weyhrich.

We agree. Weyhrich has not shown that his trial counsel's failure to move to strike the prosecutor's comment or to move for a mistrial fell below the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. While we have held that a prosecutor's improper remarks may deny a defendant a fundamentally fair trial, *see Bruno v. Rushen*, 721 F.2d 1193 (9th Cir. 1983), in *Bruno,* the improper remarks were extensive and defense counsel's objection was overruled. *Id*. at 1194 n.2. Here, the prosecutor was only able to make a single statement with two negative implications before defense counsel objected and the objection was sustained.

Weyhrich asserts that under Oregon law, failing to move for a mistrial cannot be part of any legitimate trial strategy, citing *Simpson v. Coursey*, 197 P.3d 68 (Or. Ct. App. 2008). *Simpson* is inapposite because it concerned the improper vouching by a government agent of the credibility of the victim and key witness. *Id*. at 71-72. Moreover, *Simpson* is an Oregon state court case applying Oregon law. Thus, even if the failure to move for a new trial were contrary to the holding in *Simpson*, this would not make it contrary to "clearly established Federal law." 28 U.S.C. § 2254(d)(1).

The district court's denial of the habeas petition is **AFFIRMED.**